UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNIE CHAVIS, individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>CADUCEUS OCCUPATIONAL MEDICINE,<br><br>    Defendant. | Civil Action<br>File No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT - COLLECTIVE ACTION

Plaintiff Donnie Chavis ("Chavis") files this Complaint against Defendant Caduceus Occupational Medicine ("Caduceus") on behalf of himself and all other current and former similarly situated employees of Caduceus ("Collective Plaintiffs").

## INTRODUCTION

1.

This is an action to recover lost wages in the form of overtime compensation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 *et seq.* ("FLSA"). Chavis, was employed as a Medical Assistant for Caduceus most recently from approximately March 26, 2007 through January 26, 2010. Caduceus

wrongfully and willfully refused to compensate Chavis and similarly situated Medical Assistants for all hours over forty (40) worked in any given week.

2.

Chavis sues on behalf of himself and other similarly situated Medical Assistants employed by Caduceus for any period of time from January 2008 to the present who elect to opt into this action pursuant to 29 U.S.C. § 201 *et seq.*, specifically, the collective action provision of the FLSA, 29 U.S.C. § 216(b).

3.

Chavis and Collective Plaintiffs who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages and/or pre-judgment interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION**

4.

Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

## VENUE

5.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Caduceus resides in the State of Georgia and within the Northern District of Georgia.

6.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

7.

Chavis resides in the United States and the State of Georgia at 144 Ponce De Leon Avenue, Apartment 1116, Atlanta, Georgia 30308 and subjects himself to this Court's jurisdiction.

8.

Chavis was a Medical Assistant at Caduceus and was an "employee" as that term is defined under 29 U.S.C. § 203(e).

9.

Caduceus is a corporation organized under the laws of the State of Georgia, is licensed to do business in the State of Georgia, has at least one office in Georgia, and transacts business in the State of Georgia.

10.

Caduceus is an "employer" as that term is defined under the FLSA, 29 U.S.C. § 203(s), and is subject to the provisions of the Act relating to payment of overtime compensation.

11.

Caduceus may be served through its registered agent for service of process: Dr. Stephen A. Dawkins, 535 N. Central Avenue, Hapeville, Georgia 30354.

## STATEMENT OF FACTS

12.

Caduceus is an Occupational Medicine Practice with eight locations in Georgia.

13.

At all relevant times, Caduceus employed, and continues to employ, "Medical Assistants."

14.

After working for Caduceus on and off since approximately July, 2001, Chavis was hired by Caduceus most recently on or about March 26, 2007.

15.

Caduceus employed Chavis as a "Medical Assistant."

16.

Chavis regularly worked more than forty (40) hours in a workweek.

17.

Caduceus did not pay Chavis the overtime wage differential required by the FLSA on the occasions that he worked over forty (40) hours in a workweek.

18.

Chavis worked primarily at Caduceus' midtown office location, but he also floated between offices as needed.

19.

Throughout Chavis' employment with Caduceus, he has not been customarily or regularly engaged away from Caduceus' place of business.

20.

Throughout Chavis' employment with Caduceus, his primary or exclusive duties have been answering the phone, taking x-rays, taking vital signs, performing agility tests, and medical assistant.

21.

Chavis' job duties did not require the exercise of discretion and independent judgment with respect to matters of significance.

22.

Chavis did not manage any of Caduceus' offices.

23.

Throughout Chavis' employment with Caduceus, he has not customarily or regularly directed the work of at least two or more other full-time employees or their equivalent.

24.

Throughout Chavis' employment with Caduceus, he has not had the authority to hire or fire any other employee.

25.

Throughout Chavis' employment with Caduceus, he has not provided suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of any other employee.

26.

Throughout Chavis' employment with Caduceus, his primary job duty has not been, and has not included, the performance of office or non-manual work directly related to the management or general business operations of Caduceus or Caduceus's clients or customers.

27.

Throughout Chavis' employment with Caduceus, his primary job has not been, and has not included, the performance of work requiring advanced technical knowledge, defined as work which has been predominately intellectual in character and which has included work requiring the consistent exercise of discretion and judgment.

28.

Throughout Chavis' employment with Caduceus, his primary job has not been, and has not included, the performance of work requiring invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

29.

Based upon the duties assigned to Chavis, Caduceus has willfully failed and refused to pay Chavis one and one half times his regular rate for hours that he has worked in excess of forty (40) hours per work week.

30.

On or about January 26, 2010, Caduceus terminated Chavis' employment after Chavis went out on medical leave on December 30, 2009.

## **COLLECTIVE ACTION ALLEGATIONS**

31.

Chavis files this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and on behalf of the Collective Plaintiffs.

32.

The Collective Plaintiffs are any and all individuals currently or formerly employed by Caduceus with the title / in the position / performing the duties of "Medical Assistant" at any time during the three years immediately preceding the entry of a tolling agreement tolling the time for filing this Complaint, up through and including the date of Notice of this Complaint to all of the Collective Plaintiffs.

33.

At all relevant times Chavis and the Collective Plaintiffs are / were[1] similarly situated, have / had substantially similar job requirements and pay provisions, and are / were subject to Caduceus' common decisions, policies, plans, programs, practices, procedures, protocols, routines and rules.

34.

Chavis' claim / cause of action against Caduceus for willfully failing and refusing to pay him one and one half times their regular rate for hours that he worked in excess of forty (40) hours per workweek in violation of the FLSA is essentially the same as that of the Collective Plaintiffs.

35.

The Collective Plaintiffs' primary or exclusive duties are / were answering the phone, taking x-rays, taking vital signs, performing agility tests, and medical assistant duties.

36.

The Collective Plaintiffs are not / were not customarily or regularly engaged away from Caduceus' place of business.

---

[1] The present tense is inserted for current employees and the past tense is asserted for former employees.

37.

The Collective Plaintiffs' primary job is not / was not, and does not / did not include the exercise of discretion and independent judgment with respect to matters of significance.

38.

The Collective Plaintiffs do not / did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

39.

The Collective Plaintiffs do not / did not have the authority to hire or fire any other employee.

40.

The Collective Plaintiffs do not / did not provide suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of any other employee.

41.

The Collective Plaintiffs' primary job duty is not / was not, and does not / did not include, the performance of office or non-manual work directly related to

the management or general business operations of Caduceus or Caduceus' clients or customers.

42.

The Collective Plaintiffs' primary job is not / was not, and does not / did not include the performance of work requiring advanced technical knowledge, defined as work which has been predominately intellectual in character and which has included work requiring the consistent exercise of discretion and judgment.

43.

The Collective Plaintiffs' primary job is not / was not, and does not / did not include, the performance of work requiring invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

44.

Caduceus regularly suffers or permits / regularly suffered or permitted the Collective Plaintiffs to work in excess of forty (40) hours per work week.

45.

Caduceus has willfully misclassified some Collective Plaintiffs as being exempt from overtime.

46.

Caduceus has willfully failed and refused to pay the Collective Plaintiffs one and one half times their regular rate for hours that they worked in excess of forty (40) hours per work week.

47.

There are at least approximately thirty (30) potential Collective Plaintiffs (i.e., similarly situated current and former individuals employed by Caduceus with the title / in the position "Medical Assistant" on or after the date that is three years prior to the date of the filing of this Complaint).

48.

Each of these potential Collective Plaintiffs would benefit from the issuance of Notice of this Complaint and the opportunity to opt in / join this Complaint.

49.

The potential Collective Plaintiffs' names, current or last known telephone numbers, and current or last known addresses are readily available from Caduceus.

50.

Notice of this Complaint and the opportunity to opt in / join this Complaint can be provided to all of the potential Collective Plaintiffs via first class mail to each Collective Plaintiffs' current or last known address.

**CLAIM / CAUSE OF ACTION**

**Violation of the FLSA – Unpaid Overtime Wages/Misclassification**

51.

Chavis realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

52.

Caduceus regularly suffers or permits / regularly suffered or permitted Chavis and the Collective Plaintiffs to work in excess of forty (40) hours per work week.

53.

Caduceus has failed and refused to pay Chavis and the Collective Plaintiffs one and one half times their regular rate for hours that they worked in excess of forty (40) hours per work week.

54.

Caduceus has misclassified some Collective Plaintiffs as being exempt from overtime.

55.

By failing to pay Chavis and the Collective Plaintiffs overtime compensation for time worked in excess of forty (40) hours in a workweek, Caduceus has violated the FLSA, 29 U.S.C. §207.

56.

As a result of Caduceus' violations of the FLSA, Chavis and the Collective Plaintiffs have suffered damages.

57.

Caduceus' conduct in refusing to pay Chavis and the Collective Plaintiffs overtime compensation was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), entitling Chavis and the Collective Plaintiffs to the benefit of the three-year statute of limitations and unpaid compensation with interest to date plus liquidated damages all pursuant to 29 U.S.C. §§ 207, 215, 216(b), and 255.

58.

Based upon the duties assigned to Chavis and Collective Plaintiffs, Caduceus had no reasonable grounds for believing that its refusal to pay overtime compensation to Chavis and Collective Plaintiffs was appropriate under the FLSA.

As such, Caduceus is not entitled to any reduction in the amount of liquidated damages under 29 U.S.C. § 216(b).

59.

Caduceus' failure or refusal to pay Chavis and the Collective Plaintiffs the overtime compensation owed further entitles them to recover attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Chavis, on behalf of himself and on behalf of the Collective Plaintiffs, pray for the following relief:

(a) That the Court determine that this Complaint may be maintained as a collective action under 29 U.S.C. § 216(b) and as a class action under the Federal Rules of Civil Procedure;

(b) That, at the earliest possible time, Chavis, by and through his undersigned counsel, be allowed to give Notice of this Complaint, or that the Court issue such Notice, to all current and former employees employed by Caduceus with the title / in the position "Medical Assistant" at any time during the three years immediately preceding the filing of this Complaint, up through and including the date of Notice. Such current and former employees of Caduceus shall be

15

informed that this Complaint has been filed, the nature of the Complaint and that they may join / opt in to this Complaint if they believe they are entitled to relief;

(c) That the Court find that Caduceus regularly suffers or permits / suffered or permitted Chavis and the opt in Collective Plaintiffs to work in excess of forty hours per workweek in violation of the FLSA;

(d) That the Court find that Caduceus has willfully failed and refused to pay Chavis and the opt in Collective Plaintiffs one and one half times their regular rate for hours that they worked in excess of forty hours per workweek in violation of the FLSA;

(e) That the Court find that Caduceus has willfully misclassified Chavis and the opt in Collective Plaintiffs as being exempt from overtime in violation of the FLSA;

(f) That the Court award Chavis and the opt in Collective Plaintiffs all of their unpaid overtime pursuant to the FLSA;

(g) That the Court award Chavis and the opt in Collective Plaintiffs liquidated damages in an amount equal to the amount of their unpaid overtime pursuant to the FLSA;

(h) That the Court order Caduceus to cease and desist from violating the FLSA as alleged in this Complaint, and to comply with the FLSA;

(i) That the Court award Chavis and the opt in Collective Plaintiffs all of their attorneys' fees and costs pursuant to the FLSA and/or other applicable law;

(j) That the Court award Chavis and the opt in Collective Plaintiffs such other and further relief as the Court deems just, proper or appropriate.

## JURY TRIAL DEMANDED

Respectfully submitted this the 10th day of March, 2011.

/s/ Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleyklein.com
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com
Karyl A. Davis
Georgia Bar No. 142602
kadavis@buckleyklein.com

BUCKLEY & KLEIN, LLP
Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

Counsel for Plaintiffs

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, N.D. Ga., the undersigned counsel certifies that this document was prepared with Times New Roman (14 point), one of the font and point selections approved by the Court in Local Rule 5.1B, N.D. Ga.

Respectfully submitted this the 10th day of March, 2011.

/s/ Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleyklein.com
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com
Karyl A. Davis
Georgia Bar No. 142602
kadavis@buckleyklein.com

BUCKLEY & KLEIN, LLP
Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

Counsel for Plaintiffs